UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONJON MARINE CO., INC.　　　　　:
　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　: CIV. NO. 3:09CV1005 (WWE)
　　　　　　　　　　　　　　　　　　:
BUCHANAN MARINE, L.P.　　　　　　:
　　　　　　　　　　　　　　　　　　:

**RULING ON PLAINTIFF'S MOTION
TO COMPEL STATEMET**

On July 14, 2010, this Court heard the parties on a discovery dispute centered on whether a deponent waived a privilege asserted by counsel regarding deponent's previously recorded handwritten statement.

For the reasons stated below, the Court finds that the privilege has not been waived.

I.　Factual Background

Plaintiff alleges that defendant's barge struck plaintiff's barge on August 14, 2008, while being pushed by the defendant's tug boat.

On June 23, 2010, defendant produced Kurt Munsterman for deposition. Mr. Munsterman was a deckhand on defendant's tug on the day of the incident. He testified that he was actually on the bow of the defendant's barge as it approached the facility in Stamford.

Asked whether he had reviewed any document for purposes of preparing for his deposition, Mr. Munsterman testified he

1

reviewed his handwritten statement of August 28, 2008. When counsel was asked to produce Munsterman's statement, he refused on the basis of privilege. Defendant had previously asserted a privilege relating to this statement.

Based on Mr. Munsterman's testimony, defendants seek an order compelling defendant to produce Mr. Munsterman's handwritten statement. Plaintiffs argue that Fed. R. Evid. 612 provides that if a witness uses a writing to refresh his memory for the purpose of testifying, "either before or while testifying," an adverse party is entitled to have the writing produced at the hearing, to inspect it, cross examine the witness on it, and to introduce in evidence those portions relating to the witness' testimony. Defendants argue that Mr. Munsterman's review of his statement does not constitute a waiver of the attorney-client privilege.

II. <u>Discussion</u>

    A. <u>Attorney-Client Privilege</u>

The attorney-client privilege protects "confidential disclosures by a client to an attorney made in order to obtain legal advice." <u>U.S. Postal Service v. Phelps Dodge Refining Corp.</u>, 852 F. Supp. 156, 159 (E.D.N.Y. 1994) (quoting <u>Fisher v. U.S.</u>, 425 U.S. 391, 403 (1976)). The party claiming the privilege bears the burden of demonstrating that there was: "(1) a communication between client and counsel, which (2) was intended

2

to be and was in fact kept confidential and (3) made for the purpose of obtaining or providing legal advice." U.S. v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996).

Here, defendants contend that counsel was retained immediately after defendant learned there might be a claim and that the statement at issue was prepared by Mr. Munsterman at the direction of counsel the very next day. That same day it was faxed to counsel. The issue then becomes whether plaintiff, pursuant to Fed. R. Evid. 612, waived the attorney-client privilege by allowing Mr. Munsterman to review his notes prior to his deposition testimony.

B.  Waiver of the Attorney-Client Privilege

Fed. R. Evid. 612 authorizes the disclosure of privileged documents used by a witness to refresh his memory in two circumstances. Specifically, Fed. R. Evid. 612 provides that:

> If a witness uses a writing to refresh memory for the purpose of testifying ...
>
> 1) while testifying, or
>
> 2) before testifying, if the court in its discretion determines it is necessary in the interest of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

Fed. R. Evid. 612. However, "nothing in the Rule [should] be

construed as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory." In re Rivastigmine Patent Litig., 486 F. Supp. 2d 241, 243 (S.D.N.Y. 2007) (citing Rule 612 advisory committee note). Courts have struggled with the extent to which disclosure is required by Rule 612 as "some . . . take the position that Rule 612 trumps the [attorney-client] privilege, such that a document that is reviewed by a witness prior to deposition must always be produced" while others "conclude that production of privileged materials could only be required where the privilege has been waived . . ., for example, if privileged communications were disclosed to an individual outside the privileged relationship [as opposed to] . . . an individual [simply] . . . review[ing] his own already privileged documents." Id. at 243. A third "functional analysis" has also been applied in which, if a "court found . . . that the documents can be said to have had a sufficient impact on the witness' testimony . . . then . . . a balancing test [must] consider such factors as whether production is necessary for fair cross-examination or whether the examining party is simply engaged in a fishing expedition." Id. Here, the parties agree that the proper test is a functional analysis. Plaintiffs do not challenge the assertion of the privilege but argue that the privilege was waived when counsel gave the witness his statement to review in advance of his testimony, making it

4

disclosable under Rule 612.

This Court has found the functional analysis test to be the better approach, as it recognizes both the special protection which must be afforded to privileged documents and the existence of circumstances where review of privileged documents is necessary in order to conduct an effective examination of the witness. Calandra v. Sodexho, Inc., 2007 U.S. Dist. Lexis 31418. Under the functional analysis approach, the statement need not be produced.

The Court has reviewed the transcript of testimony and the statement at issue. The statement is factual; it does not contain legal strategy or counsel's mental impressions. There is no information in the statement which was not included in the testimony. Nothing in the statement is inconsistent with the testimony. There is significantly more detail in the testimony than in the statement, from which the Court concludes that the witness was testifying from a present recollection. It is not apparent from the testimony that the statement had a "significant impact" on the testimony, or that it was reviewed because the witness' recollection needed to be refreshed. Additionally, defendant's counsel has represented that the statement was taken at his instruction and maintained by him as a confidential communication. It was included in the defendant's privilege log and based on the assertion of the privilege at the deposition,

defendant did not intend to waive the privilege by providing the statement to the witness for review.  Because the statement would be only minimally useful, if at all, in cross examining the witness, the balance of interests does not tip in favor of disclosure of this privileged statement to the plaintiff.

If requested, the Court will conduct an in camera review of any other statements reviewed by witnesses as to which the privilege has asserted.

SO ORDERED at Bridgeport this 21st day of July, 2010.

```
_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```